**QIU FANG JIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

**No. 08–5481–ag.**

United States Court of Appeals, Second Circuit.

Oct. 5, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. Is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Vincent S. Wong, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Sabina M. Lofty, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Qiu Fang Jiang, a native and citizen of the People's Republic of China, seeks review of an October 21, 2008 order of the BIA, affirming the October 16, 2007 decision of Immigration Judge ("IJ") Noel Anne Ferris, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiu Fang Jiang,* No. A076 506 234 (B.I.A. Oct. 21, 2008), *aff'g* No. A076 506 234 (Immig. Ct. N.Y. City Oct. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's adverse credibility determination. The IJ reasonably found that Jiang was unresponsive throughout her testimony. Because this Court affords particular deference to such an assessment of demeanor, we defer to this finding. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005). The agency's adverse credibility determination was further supported by various discrepancies in the record. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006) (per curiam) (stating that an IJ may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence). While Jiang testified that she was forced to undergo an abortion in China, her medical records from 2003 indicate that she told medical personnel in the United States that she had a miscarriage,

and her medical records from 2004 indicate that she advised a dentist that she had never been pregnant before. *See Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (per curiam) (holding that an omission from corroborating evidence in the record can form the proper basis for an adverse credibility determination). When confronted with the discrepancy, Jiang stated that she told a nurse in 2003 that she was forced to undergo an abortion but that she could not verify what was written in her medical records because she did not read English. As to the 2004 medical records, she claimed that no one asked her whether she had previously been pregnant. Even if plausible, the IJ reasonably declined to credit these explanations. *See Majidi,* 430 F.3d at 80–81.

Further, although Jiang argues that the IJ erred in not giving more weight to the abortion certificate that she submitted, we have previously concluded that the agency may rely on the submission of a so-called "abortion certificate"—which, according to the country reports, is either a fabricated document or proof of a voluntary abortion—in making an adverse credibility determination. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 263 (2d Cir.2007); *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Ultimately, because the agency's adverse credibility determination was "based upon neither a misstatement of the facts in the record nor bald speculation or caprice," we will not disturb *See Biao Yang v. Gonzales,* 496 F.3d 268, 272 (2d Cir.2007) (per curiam).[1]

We also find no error in the agency's analysis of Jiang's claim regarding her fear of future persecution based on the birth of her two children. While the IJ found that by sending her children to live in China, Jiang undermined the credibility

of her purported fear, the BIA does not appear to have adopted that finding. Rather, the BIA concluded that the background evidence submitted by Jiang did not sufficiently demonstrate that her fear of persecution was objectively reasonable.

We have previously reviewed the agency's consideration of evidence similar to that which Jiang presented and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 156–65 (2d Cir.2008).

Because substantial evidence supports the agency's adverse credibility determination and because Jiang otherwise failed to meet her burden of proof, the agency properly denied her application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Accordingly, we need not reach the agency's discretionary denial of asylum.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

1. While Jiang asserts that the IJ conducted an unfair and hostile proceeding, we agree with the BIA that the record does not support that argument. *Cf. Guo–Le Huang v. Gonzales,* 453 F.3d 142, 148 (2d Cir.2006).